F. M. ASHBY, By and Through his Committee, J. C. Robinson, Appellant,

v.

John Stanley MARSH, Appellee.

Court of Appeals of Kentucky.

March 17, 1967.

Rhodes Bratcher, Bratcher, Rummage, Beard & Flaherty, Owensboro, for appellant.

Ben T. Cooper, Louisville, for appellee.

DAVIS, Commissioner.

This is a second appeal in the same litigation; the opinion in the first appeal is found in Marsh v. Ashby, Ky., 381 S.W.2d 628. Reference is had to the first opinion for a full statement of the facts at issue. It is to be observed that we wrote in the first opinion: "In this case there does not appear to be any probative evidence that the insurer arbitrarily withheld its consent to the destruction of the animal."

Pursuant to the remand for new trial additional evidence was presented in behalf of appellant, and submitted to the trial judge without the intervention of a jury. No evidence was offered for the appellee, representative of the insurance company. When the trial judge had considered the additional evidence offered, together with the evidence offered at the first trial, he found as fact " * * * that with the additional evidence in the record, there does not appear to be any probative evidence that the insurer arbitrarily withheld its consent to the destruction of the animal 'Real Country'."

We have read carefully the new evidence offered and considered it in connection with the evidence adduced at the first trial, and we are unable to find that the factual finding of the trial judge is clearly erroneous. CR 52.01.

Appellant calls to our attention Cochran's Adm'x v. Cochran, 273 Ky. 1, 115 S.W.2d 376, and Equitable Life Assur. Soc. of United States v. Witten, 265 Ky. 448, 97 S.W.2d 17. It is urged that the rationale of those decisions suffices to sustain appellant's contention that he met the burden of proof. The principle relied upon is substantially stated in Headnote 2, Ibid., 97 S.W.2d 17:

"Where party in whose interest it would be to produce evidence within his

control fails to do so, there is an inference that such evidence would be unfavorable to him."

The difficulty is that there is nothing in this record to suggest that the insurance company failed to produce evidence in its control. At best, the insurance company was cast in the role of proving a negative, i. e., that it had not arbitrarily withheld its consent to the destruction of the horse. The affirmative burden of proof was on the appellant, and he has failed to sustain that burden so as to convince the fact finder. We may not reverse the judgment in such a case.

The judgment is affirmed.

All concur.